UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARLON B.[1], ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-318 |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Marlon B., on August 22, 2019. For the following reasons, the decision of the Commissioner is **REMANDED.**

*Background*

The plaintiff, Marlon B., filed applications for Supplemental Security Income on January 21, 2017 and Disability Insurance Benefits on January 23, 2017, alleging a disability onset date of August 12, 2016. (Tr. 23). The Disability Determination Bureau denied Marlon B.'s applications initially on March 21, 2017, and again upon reconsideration on May 25, 2017. (Tr. 23). Marlon B. subsequently filed a timely request for a hearing on June 3, 2017. (Tr. 23). A hearing was held on July 26, 2018, before Administrative Law Judge (ALJ) Kimberly S. Cromer, and the ALJ issued an unfavorable decision on January 23, 2019. (Tr. 23-33). Vocational Expert (VE) James Breen appeared at the hearing. (Tr. 23). The Appeals Council denied review making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3).

First, the ALJ found that Marlon B. met the insured status requirements of the Social

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

Security Act through June 30, 2022. (Tr. 25). At step one of the five-step sequential analysis for determining whether an individual is disabled, the ALJ found that Marlon B. had not engaged in substantial gainful activity since August 12, 2016, his alleged onset date. (Tr. 25).

At step two, the ALJ determined that Marlon B. had the following severe impairments: depression/bipolar, anxiety, borderline personality disorder, and substance use. (Tr. 26). The ALJ found that the above medically determinable impairments significantly limited Marlon B.'s ability to perform basic work activities. (Tr. 26). The medical record also indicated that Marlon B. had a wrist and finger injury, but the ALJ found that this acute injury did not meet the durational requirement of functional limitations for 12 months. (Tr. 26).

At step three, the ALJ concluded that Marlon B. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 26). The ALJ found that no medical evidence indicated diagnostic findings that satisfied any listed impairment. (Tr. 26).

The ALJ determined that the severity of Marlon B.'s mental impairments, considered singularly and in combination, did not meet or medically equal the criteria of listings 12.04, 12.06, and 12.08. (Tr. 26). In making this finding, the ALJ considered the paragraph B criteria for mental impairments, which required at least one extreme or two marked limitations in a broad area of functioning which include:

> understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.

(Tr. 26). The ALJ found that Marlon B. had a mild limitation understanding, remembering, or applying information; a moderate limitation interacting with others; a moderate limitation concentrating, persisting, or maintaining pace; and a mild limitation adapting or managing

2

himself.  (Tr. 27).  Because Marlon B.'s mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, the ALJ determined that the paragraph B criteria was not satisfied.  (Tr. 27).  Additionally, the ALJ determined that Marlon B. did not satisfy the paragraph C criteria.  (Tr. 28).

After consideration of the entire record, the ALJ then assessed Marlon B.'s residual functional capacity (RFC) as follows:

> [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations:  The claimant cannot perform commercial driving, work at unprotected heights, or around hazardous machinery. He is limited to simple routine tasks with only occasional decision making and no fast paced assembly or work where the machine sets the pace, but can perform work of a variable pace (speed). The claimant cannot work jobs that require more than occasional interaction with the public, co-workers, or supervisors. Finally, the claimant cannot perform tandem work.

(Tr. 28).  The ALJ explained that in considering Marlon B.'s symptoms she followed a two-step process.  (Tr. 28).  First, she determined whether there was an underlying physical or mental impairment that was shown by a medically acceptable clinical or laboratory diagnostic technique that reasonably could be expected to produce Marlon B.'s pain or other symptoms.  (Tr. 28). Then she evaluated the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limited Marlon B.'s functioning.  (Tr. 28-29).

After considering the evidence, the ALJ found that Marlon B.'s medically determinable impairments reasonably could be expected to produce his alleged symptoms.  (Tr. 29).  However, she found that his statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record.  (Tr. 38).

At step four, the ALJ found that Marlon B. was capable of performing his past relevant

3

work as a package handler. (Tr. 31). Therefore, the ALJ found that Marlon B. had not been under a disability, as defined in the Social Security Act, from August 12, 2016, through the date of the ALJ's decision January 23, 2019. (Tr. 33).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive"); ***Moore v. Colvin***, 743 F.3d 1118, 1120–21 (7th Cir. 2014); ***Bates v. Colvin***, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence"). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." ***Richardson v. Perales***, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting ***Consol. Edison Co. v. NLRB***, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see Bates*, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported her findings with substantial evidence and if there have been no errors of law. ***Roddy v. Astrue***, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." ***Lopez ex rel. Lopez v. Barnhart***, 336 F.3d 535, 539 (7th Cir. 2003).

Disability and supplemental insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act. The claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. § 423(d)(1)(A)**.  The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability.  **20 C.F.R. §§ 404.1520, 416.920**.  The ALJ first considers whether the claimant is presently employed or "engaged in substantial gainful activity." **20 C.F.R. §§ 404.1520(b), 416.920(b)**.  If he is, the claimant is not disabled, and the evaluation process is over.  If he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." **20 C.F.R. §§ 404.1520(c), 416.920(c)**; *see* ***Williams v. Colvin***, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments).  Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations.  **20 C.F.R. § 401, pt. 404, subpt. P, app. 1**.  If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling.  However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of his past work.  If, at this fourth step, the claimant can perform his past relevant work, he will be found not disabled.  **20 C.F.R. §§ 404.1520(e), 416.920(e)**.  However, if the claimant shows that his impairment is so severe that he is unable to engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of his age, education, job experience, and functional capacity to work, is capable of performing other work and that such work exists in the national economy.  **42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f)**; *see* ***Biestek v. Berryhill***, 139 S. Ct. 1148, 203 L. Ed. 2d 504 (2019) (finding that upon the disability benefits applicant's request, vocational expert's refusal to provide the private

5

market-survey data underlying his opinion regarding job availability, does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Marlon B. has requested that the court reverse the ALJ's decision and award benefits, or in the alternative, remand this matter for additional proceedings. In his appeal, Marlon B. has argued that: (1) the ALJ violated SSR 16-3p; and (2) the ALJ's RFC determination was not supported by substantial evidence because she failed to account for Marlon B.'s moderate limitations in concentrating, persisting, or maintaining pace and moderate limitations interacting with others.

An ALJ's evaluation of subjective symptoms will be upheld unless it is patently wrong. ***Shideler v. Astrue***, 688 F.3d 306, 310-11 (7th Cir. 2012). Nevertheless, an ALJ must support her evaluation with specific reasons that are supported by the record. ***Pepper v. Colvin***, 712 F.3d 351, 367 (7th Cir. 2013). An ALJ must assess the claimant's subjective symptoms rather than assessing his "credibility." *See* SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017).

The ALJ afforded the third-party function report completed by Marlon B.'s mother, Angela C., little weight. (Tr. 31). The ALJ found that Angela C. was not a disinterested third-party witness based on her relationship with Marlon B. and that she was not familiar with the Social Security Administration's standards for disability. (Tr. 31). The ALJ concluded that Angela C. was "not medically trained to make exacting observations as to dates, frequencies, types, and degrees of medical signs and symptoms, or of the frequency or intensity of unusual moods or mannerisms." (Tr. 31).

The ALJ must consider any statements made by third-party sources "in terms of how consistent those observations are with the individual's statements about his or her symptoms as

well as with all of the evidence in the file." SSR 16-3p, 2017 WL 5180304, at *7. While the ALJ partially discussed Angela C.'s third-party report, she did not explain what inconsistencies she found between Angela C.'s report and the record. *See* **Garcia v. Colvin**, 741 F.3d 758, 761 (7th Cir. 2013) (rejecting "[t]he implication is that if a plaintiff or a defendant (or a relative of either or a fiancé) testifies in a case, the testimony must automatically be discounted for bias … The administrative law judge should have made clear whether he believed the fiancée's testimony or not, or which part he believed, or whether he had no idea how much of what she said was worthy of belief"). Here, the ALJ failed to fully analyze Angela C.'s statements and to discuss which portions of the medical record contradict or confirm her statements.

Angela C. indicated that Marlon B. used to be sociable but due to his impairments he often keeps to himself and "seems not to be able to function at times." (Tr. 277-78). She stated that he sleeps for days a time and then he does not sleep for periods of time. (Tr. 278). Angela C. noted that Marlon B. required reminders both to take care of personal needs and grooming and to take medication. (Tr. 279). She also stated that he spent time with others "when he's not having one of his episodes," but that at other times he went "into rages with people." (Tr. 281). She indicated that he had trouble getting along with others because "his mind tells him [that] people are watching or [saying] things about him." (Tr. 282). She further stated that he did not get along with authority figures and that he would "just start yelling and cursing them out for no apparent reason." (Tr. 283).

The ALJ has failed to explain how any of these statements conflict with the record. Instead, the ALJ simply stated that Angela C. was "not medically trained" to make observations regarding Marlon B.'s limitations or impairments, and therefore "the accuracy of her statement is questionable." (Tr. 31). If this were enough to dismiss third-party statements, no third-party

7

statements from lay witnesses would ever be considered. This does not provide the requisite logical bridge. The ALJ did not explain which of Angela C.'s statements contradict the medical evidence in the record. SSR 16-3p requires the ALJ to consider an individual's personal observations, and the section discussing this requirement is entitled "Non-Medical Sources." SSR 16-3p, 2017 WL 5180304, at *7. Therefore, a lack of medical training cannot be a reason to discount evidence in a third-party function report.

Moreover, the ALJ also found that "by virtue of her relationship with the claimant," Angela C. "cannot be considered a disinterested third party witness." (Tr. 31). A familial relationship cannot be the sole reason for discrediting a third-party function report. SSR 16-3p requires that "non-medical sources such as family" are to be considered. SSR 16-3p, 2017 WL 5180304, at *7. In *John P. v. Saul*, 2019 WL 4072118, at *11 (N.D. Ind. 2019), the ALJ assigned "little weight" to the third-party function report completed by the plaintiff's father because he was not medically trained to make exacting observations regarding the plaintiff's symptoms. The court found that "[t]he reasons proffered by the ALJ are generic and, if given full effect, would render the testimony or report of any family member meaningless." *John P.*, 2019 WL 4072118, at *11. Accordingly, statements made by the ALJ finding that Angela C. was not a disinterested witness solely based on her relationship with Marlon B. directly violated SSR 16-3p, which requires the ALJ to fully consider the statements made by family members. On remand, the ALJ should properly examine Angela C.'s report and explain which of her statements are incompatible with the evidence in the record.

Marlon B. makes two other arguments regarding his subjective symptoms and the RFC. However, because the ALJ erred in considering the third-party function report from Marlon B.'s mother, the court need not address the additional arguments at this time. A full and proper

8

analysis of the third-party function report may alter the RFC and the ALJ's treatment of Marlon B.'s subjective symptoms.  The ALJ will have the opportunity to revisit these other issues on remand.

Marlon B. has requested that the court remand for an award of benefits.  An award of benefits is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits."  ***Allord v. Astrue***, 631 F.3d 411, 415 (7th Cir. 2011).  The Seventh Circuit has held that when an ALJ's decision is not supported by substantial evidence, the appropriate remedy is to remand for further proceedings unless the evidence before the court compels an award of benefits.  ***Briscoe v. Barnhart***, 425 F.3d 345, 355 (7th Cir. 2005).  The record here does not warrant an award of benefits.

Based on the foregoing reasons, the decision of the Commissioner is **REMANDED** for further proceedings consistent with this Order.

ENTERED this 7th day of October, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge